UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| METRO METALS USA,<br><br>        Plaintiff,<br><br>        v.<br><br>ALL-STATE DIVERSIFIED PRODUCTS, INC., *et al.*,<br><br>        Defendants. | Civil Action No. 12-cv-1448<br><br>**MEMORANDUM & ORDER** |

       This action was originally filed in the Superior Court of New Jersey, Chancery Division, Monmouth County and removed to this Court on March 8, 2012 by defendants. The plaintiff Metro Metals USA ("Metro Metals" or "Plaintiff") seeks damages for breach of contract in the amount of $485,000 for raw materials provided to defendants All-State Diversified Products, Inc. ("All-State" or "Defendant"), and Thomas Cela. All-State answered on April 12, 2012, and defendant Thomas Cela filed a motion to dismiss for lack of jurisdiction on the same date.

       Since removal, Plaintiff has done little or nothing to advance its case. For instance, there was a series of conferences scheduled with Magistrate Judge Goodman which were rescheduled or cancelled. On July 16, 2012, there was a request to substitute plaintiff's original counsel, Andrew T. McDonald, with Mark Whitcomb, *pro se*. As Metro Metals is a corporation, *see* Complaint, the request was denied because Mr. Whitcomb was not an attorney, and corporations may appear in federal court only through licensed counsel. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993); *Curbison v. New Jersey*, 242 Fed. Appx. 806, 808-809 (3d Cir. 2007). After denial of

1

the request to substitute Mr. Whitcomb for Mr. McDonald, Magistrate Judge Goodman held a conference at which she directed Plaintiff to obtain counsel within 30 days.  On March 1, 2013, Judge Goodman also issued an order admonishing Mr. Whitcomb that Plaintiff, as a corporate entity, must either be represented by counsel or risk dismissal of the case.  The March 1, 2013 order gave Plaintiff 30 days within which to have new counsel enter an appearance.  No appearance has since been entered, and the Court has not received any indication that Plaintiff has obtained or is in the process of obtaining new counsel.  In addition, Plaintiff never opposed Cela's motion to dismiss, which was granted unopposed on October 26, 2012.

     Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).  A court's discretion to dismiss under Rule 41(b) is governed by certain factors, commonly referred to as *Poulis* factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.  *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).  "No single Poulis factor is dispositive," *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003), and "not all of the Poulis factors need be satisfied in order to dismiss a complaint." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

     In this case, an assessment of the Poulis factors weighs heavily in favor of dismissing the action.  The first Poulis factor, the extent of the party's personal responsibility, shows that the delay in this case is attributable to Plaintiff, who has failed to obtain proper counsel since the withdrawal of former counsel, who has since also failed to abide Judge Goodman's order, and

who has otherwise neglected to litigate this case or respond to defense motions. The second Poulis factor, the prejudice to the adversary caused by the failure to abide by court orders, also calls for dismissal of this action. In this case, Plaintiff's failure to litigate its claim or comply with court orders frustrates and delays the resolution of this action as to defendant All-State. All-State is plainly prejudiced by the plaintiff's continuing inaction and dismissal of the case is appropriate. *See Tillio v. Mendelsohn*, 256 F. App'x 509 (3d Cir. 2007) (failure to timely serve pleadings compels dismissal); *Reshard v. Lankenau Hospital*, 256 F. App'x 506 (3d Cir. 2007) (failure to comply with discovery compels dismissal); *Azubuko v. Bell National Organization*, 243 F. App'x 728 (3d Cir. 2007) (failure to file amended complaint prejudices defense and compels dismissal). Likewise, the third Poulis factor, the history of dilatoriness on the plaintiff's part, weighs in favor of dismissal of this action. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874. Here, the plaintiff's failure to respond to defense motions or to comply with the Court's order to obtain counsel constitutes a history of dilatoriness. The fourth Poulis factor, whether the conduct of the party or the attorney was willful or in bad faith, also cuts against the plaintiff in this case. When the plaintiff has failed to comply with instructions of the court directing the plaintiff to take specific actions in this case, the court is compelled to conclude that the plaintiff's actions are not accidental or inadvertent but instead reflect an intentional disregard for this case and the court's instructions. While Poulis also enjoins courts to consider a fifth factor, the effectiveness of sanctions other than dismissal, cases construing *Poulis* agree that in a situation such as this case, where we are confronted by a pro se litigant who will not comply with the rules or court orders, lesser sanctions may not be an effective alternative. *See, e.g., Briscoe v. Klaus*, 538 F.3d 252, 262-63 (3d Cir. 2008). This case

presents such a situation where Plaintiff's status as a pro se litigant limits the ability of the court to utilize lesser sanctions to ensure that this litigation progresses in an orderly fashion. In any event, by entering the prior orders, and counseling Plaintiff on its obligations in this case, Magistrate Judge Goodman and this Court have endeavored to use lesser sanctions, but to no avail. The plaintiff still declines to obtain counsel, and otherwise ignores its responsibilities as a litigant. Finally, under *Poulis* courts are cautioned to consider one other factor, the meritoriousness of the plaintiff's claims. However, consideration of this factor cannot save this Plaintiff's claims, since Plaintiff is now wholly non-compliant with its obligations as a litigant. Plaintiff cannot refuse to address the merits of its claims, and then assert the untested merits of these claims as grounds for not imposing sanctions. Furthermore, as stated above, no single *Poulis* factor is dispositive, and not all factors need to be satisfied in order to dismiss a complaint. Therefore, the untested merits of the non-compliant plaintiff's claims, standing alone, cannot prevent imposition of the sanction of dismissal.

## ORDER

For the reasons set forth above,

IT IS on this 18th day of April, 2013,

ORDERED that the case is dismissed with prejudice.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

4